IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Gregory Vaughn, | ) | Case No. 4:23-cv-03457-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Captain Wheeler Sweat, III; Anthony Dennis; Amber Floyd; Tory Gregg-Wright, | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court on Plaintiff's complaint alleging violations of his civil rights. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Thomas E. Rogers, III, for pre-trial proceedings and a Report and Recommendation ("Report"). On January 25, 2024, Defendants file a motion for summary judgment. ECF No. 34. This Court issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir.1975), advising Plaintiff of the summary judgment/dismissal procedure and the possible consequences for failing to respond adequately. ECF No. 35. Despite the explanation of the summary judgment/dismissal procedure and the possible consequences for failing to respond, Plaintiff did not respond. On April 15, 2024, the Magistrate Judge issued a Report recommending that the motion be granted. ECF No. 42. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report

and the serious consequences for failing to do so. Plaintiff has not filed objections to the Report and the time to do so has lapsed.[1]

## APPLICABLE LAW AND ANALYSIS

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. See *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. See *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

As noted above, Plaintiff did not file objections to the Report. Upon review for clear error, the Court agrees with the recommendation of the Magistrate Judge. The motion for summary judgment [34] is **GRANTED**. Because the motion is being granted as the

---

[1] The Court specifically notes the Magistrate Judge's footnote on page 1 of the Report detailing the mail to Plaintiff that has been returned as undeliverable. ECF No. 42 at 1 n.1. As was directed by the Magistrate Judge, the Court directs the Clerk's Office to mail this order to both addresses for Plaintiff.

basis that Plaintiff failed to exhaust his administrative remedies, the dismissal is without prejudice.

    IT IS SO ORDERED.

                                  s/ Donald C. Coggins, Jr.
                                  United States District Judge

May 29, 2024
Spartanburg, South Carolina